IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL C. GREENFIELD,                    )
                                         )
              Plaintiff,                 )
                                         )
vs.                                      )          Case No. 22-cv-1282-DWD
                                         )
ERVIN CABLE CONSTRUCTION,                )
LLC., JESSICA SLOW,                      )
NEXT GENERATION                          )
COMMUNICATIONS, INC.,                    )
And DENNIS DECKER                        )
                                         )
              Defendants.                )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on preliminary review of the allegations of federal subject matter jurisdiction asserted in the notice of removal filed by Defendant Ervin Cable Construction, LLC. ("Ervin Cable") and joined by Defendant Jessica Slow ("Slow").

Ervin Cable removed this action from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, on the basis of federal diversity jurisdiction, which requires that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). At the time of removal, Ervin Cable and Slow were the only defendants to have been served with service of process.

The Notice of Removal pleads the citizenship of Plaintiff (Illinois) and of Ervin Cable (Delaware and Florida). However, it does *not* plead the citizenship of unserved

defendants Next Generation Communications, Inc. ("NGC") or Dennis Decker ("Decker"); nor does it plead the citizenship of defendant Slow. Ervin Cable claims that Decker's citizenship and NGC's citizenship are irrelevant because they have not been "properly joined and served as defendants." (Doc. 1, p. 2). Ervin Cable also claims that Slow's citizenship is irrelevant because she has been fraudulently joined. (Doc. 1, pp. 3-4).

As to the citizenship of the unserved defendants, Ervin Cable points to 28 U.S.C. § 1441(b), which provides that an action based on diversity of citizenship jurisdiction shall be removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." According to Ervin Cable, this provision means that the citizenship of unserved defendants may be ignored in determining whether there is complete diversity of citizenship. Ervin Cable misreads § 1441(b); the requirement of complete diversity must be distinguished from the requirements of removability.

Section 1441(b) does not address the issue of whether there is complete diversity of citizenship. Rather, the section provides that, even if there is complete diversity of citizenship, a case cannot be removed if a defendant, properly joined and served, is a citizen of the state in which the action is brought. In other words, § 1441(b) is an "additional" requirement for removal, with the result that removal based on diversity of citizenship is proper only if *both* of the following requirements are met: first, that there is complete diversity of citizenship between all plaintiffs and all

defendants and, second, that none of the defendants who has been properly joined and served is a citizen of the state in which the action is brought. Section 1441(b), therefore, does not expand diversity-of-citizenship jurisdiction but rather further restricts it within the context of removal.

There is no question that the citizenship of *all* named defendants, regardless of service, must be considered in determining whether diversity jurisdiction exists. *See e.g.*, *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939) (diversity jurisdiction is determined by the citizenship of the parties, regardless of service of process); *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir.1997) (rejecting contention that, in assessing diversity, court could ignore the citizenship of an unserved defendant); see also 14B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed. 2012) ("A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal to federal court. It is insufficient, for example, that service of process simply has not been made on a non-diverse party[.]"). Accordingly, Ervin Cable must amend its notice of removal to allege properly the citizenship of Decker and NGC.

As to Slow, the Court presumes that, because Ervin Cable is alleging fraudulent joinder, Slow is a citizen of Illinois. Nonetheless, Ervin Cable must also amend its notice

of removal to expressly allege her citizenship. The question of whether Slow has in fact been fraudulently joined will be addressed at a later date.

Accordingly, it is hereby **ORDERED** that Ervin Cable shall have seven (7) days to file an amended notice of removal in conformity with this Order.

**SO ORDERED.**

Dated: June 17, 2022

_____
DAVID W. DUGAN
United States District Judge