IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL C. GREENFIELD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-1282-DWD |
| ) | |
| **ERVIN CABLE CONSTRUCTION,** ) | |
| **LLC., JESSICA SLOW,** ) | |
| **NEXT GENERATION** ) | |
| **COMMUNICATIONS, INC.,** ) | |
| **and DENNIS DECKER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter comes before the Court on the issue of subject matter jurisdiction and on Plaintiff Daniel C. Greenfield's ("Greenfield") Motion to Remand (Doc. 15). Because the Notice of Removal (Doc. 1) did not plead the citizenship of Defendants Jessica Slow ("Slow"), Next Generation Communications, Inc. ("Next Generation"), or Dennis Decker ("Decker"), the Court raised the issue of subject matter jurisdiction *sua sponte* (Doc. 7). On June 24, 2022, removing defendants Ervin Cable Construction, LLC ("Ervin Cable") and Slow filed an Amended Notice of Removal (Doc. 14), admitting that, like Greenfield, Slow, Decker, and Next Generation are citizens of Illinois. Nonetheless, the removing defendants insist that diversity jurisdiction exists.

In response, Greenfield filed a motion to remand to state court. The removing defendants have not responded to Grienfield's remand motion, and the time to do so has not passed. But the Court need not wait for a response to address the jurisdictional

1

matters at issue in this case. It is well settled that a district court is obligated to answer the question of whether it has subject matter jurisdiction at every stage of the litigation, and that it may do so *sua sponte*. *Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 391, 392 (1998) (as to cases where subject matter jurisdiction is lacking, "remand may take place without [a] motion [to remand] and at any time."); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir.1989) (district court's **obligation** to review its own **jurisdiction** is a matter that must be raised *sua sponte* ). *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). After reviewing the removing defendants' Amended Notice of Removal (Doc. 14), it is evident that subject matter jurisdiction is lacking. Accordingly, this matter must be remanded to state court.

## Discussion

Ervin Cable and Slow removed this action from Illinois State Court on the basis of federal diversity jurisdiction. At the time of removal, Ervin Cable and Slow were the only defendants to have been served. The original Notice of Removal pleaded the citizenship of Greenfield (Illinois) and of Ervin Cable (Delaware and Florida) but provided no information regarding the citizenship of Next Generation, Decker, or Slow. The Notice of Removal claimed that, because Next Generation and Decker had not been served at the time of removal, their citizenship should be ignored. In support of this claim, the removing defendants pointed to 28 U.S.C. § 1441(b), which provides that an action based on diversity of citizenship jurisdiction shall be removable "only if none of the parties in

interest properly joined and served as defendants is a citizen of the State in which such action is brought." Ervin Cable also argued that Slow's citizenship should be ignored because she had been fraudulently joined.

Cognizant of its independent obligation to ensure that it has subject matter jurisdiction, the Court entered an order directing Ervin Cable and Slow to amend their notice of removal specifying the citizenship of each named party. As to the allegedly unserved defendants, the Court specifically explained as follows:

> Ervin Cable misreads § 1441(b); the requirement of complete diversity must be distinguished from the requirements of removability. Section 1441(b) does not address the issue of whether there is complete diversity of citizenship. Rather, the section provides that, even if there is complete diversity of citizenship, a case cannot be removed if a defendant, properly joined and served, is a citizen of the state in which the action is brought. In other words, § 1441(b) is an "additional" requirement for removal, with the result that removal based on diversity of citizenship is proper only if both of the following requirements are met: first, that there is complete diversity of citizenship between all plaintiffs and all defendants and, second, that none of the defendants who has been properly joined and served is a citizen of the state in which the action is brought. Section 1441(b), therefore, does not expand diversity-of-citizenship jurisdiction but rather further restricts it within the context of removal.
>
> There is no question that the citizenship of all named defendants, regardless of service, must be considered in determining whether diversity jurisdiction exists. *See* e.g., *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939) (diversity jurisdiction is determined by the citizenship of the parties, regardless of service of process); *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir.1997) (rejecting contention that, in assessing diversity, court could ignore the citizenship of an unserved defendant); see also 14B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed. 2012) ("A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal to federal

> court. It is insufficient, for example, that service of process simply has not been made on a non-diverse party[.]").

(Doc. 7).

On June 24, 2022, Ervin Cable and Slow filed an Amended Notice of Removal (Doc. 14). The Amended Notice of Removal indicates that Slow, Next Generation, and Decker are all citizens of Illinois. Nonetheless, Defendants argue, diversity jurisdiction exists because Slow has been fraudulently joined and because Next Generation and Decker were not served at the time of removal. As to Next Generation and Decker, the removing defendants allege as follows:

> Defendants Ervin and Slow are the only defendants in this matter who have been "properly joined and served as defendants" in this matter, so their citizenship, along with Plaintiff's, are the only ones at issue in this Notice. *See* 28 U.S.C. § 1441.

(Doc. 14, ¶ 11).

> Pre-service removal, sometimes referred to as 'snap removal,' has been allowed and approved by district courts sitting in this Circuit. *See, e.g.*, *West Bend Mut. Ins. Co. v. MSPPR, LLC*, No. 20-cv-03308, --- F. Supp. 3d ----, 2021 WL 463259, at *3 (N.D. Ill. Feb. 9, 2021) (explaining that snap removal is consistent with the language and legislative intent of 28 U.S.C. § 1441(b)).
>
> In executing pre-service removal, a removing Defendant avails itself of the plain and unambiguous language of 28 U.S.C. § 1441(b), which bars removal of the action only if any of the parties "properly joined and served as defendants" are citizens of the forum state. Put another way by the West Bend court, only a "properly joined and served" defendant is a forum defendant such that would bar removal of an action.

(Doc. 14, ¶¶ 28 and 29).

Thus, the removing defendants submit that removal is proper under the forum-defendant rule. More specifically, they contend that this action was properly removed through "snap removal" because forum defendants Next Generation and Decker were

4

not properly joined and served at the time of removal. As this Court previously explained, however, the forum defendant rule and pre-service removal (to the extent that it is permissible in this Circuit) are only relevant where diversity jurisdiction exists. In other words, although the citizenship of a forum-defendant (who is not properly served) does not offend the language of 1441(b), it does offend the language of 28 U.S.C. § 1332(a). Jurisdiction pursuant to § 1332(a), is limited to civil actions "between … citizens of different States." Thus, to remove a case based on diversity, "no plaintiff can be a citizen of the same state as any of the defendants at the time the complaint was filed and at the time of removal."

Accordingly, before the removing defendants can assert that "snap removal" permits removal of this action, they must first establish that diversity jurisdiction exists. Here, even assuming that Defendant Slow was fraudulently joined, diversity jurisdiction does not exist because, like Greenfield, Next Generation and Decker are citizens of Illinois.[1] And, as the Court previously explained, their citizenship must be considered in assessing jurisdiction regardless of service. *See* e.g., *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (rejecting contention that, in assessing diversity, court could ignore the citizenship of an unserved defendant); *see also* 14B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed. 2012) ("A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal to federal court. It is insufficient, for

---

[1] In their motion to remand, Plaintiff contends that Next Generation was served prior to removal. The Court need not address that argument because, even absent service, diversity jurisdiction does not exist.

5

example, that service of process simply has not been made on a non-diverse party[.]"). For these reasons, this action must be remanded.

## Requests for Costs and Fees

Plaintiff asks the Court to order the removing defendants to pay the attorney fees and costs associated with removal. Attorney's fees may be awarded under 28 U.S.C. § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal"). In the instant case, the Court considers whether the asserted jurisdictional theories as to the allegedly unserved defendants could be characterized as "[t]he ostrich-like tactic of pretending that potentially dispositive authority against [their position] does not exist." *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir. 1987). As previously explained, the forum defendant rule goes to the question of *removability*, and not to determining citizenship so to invoke this Court's diversity jurisdiction. In removing this case, defendants seemingly ignored well established precedent regarding diversity jurisdiction. *See* e.g., *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939)) (diversity jurisdiction is determined by the citizenship of the parties, regardless of service of process). Nevertheless, the Court will deny at this time the Plaintiff's request that attorney's fees and costs associated with the removal be awarded.

## Conclusion

The Court **GRANTS** the Motion to Remand. It is **ORDERED** that this action be **REMANDED** to the Circuit Court of Madison County, Illinois for lack of subject matter jurisdiction. Plaintiff's request for costs and expenses, including attorney's fees, pursuant

to 28 U.S.C. § 1447(c) is **DENIED**. All pending motions are **DENIED as MOOT**, and all deadlines and hearings are **CANCELLED**.

    **SO ORDERED.**

    Dated: July 5, 2022

    /s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge